**Albert P. DICKER, Appellant,**

v.

**SECURITY INSURANCE COMPANY, Appellee.**

**No. 5080.**

Court of Civil Appeals of Texas, Waco.

Nov. 11, 1971.

Rehearing Denied Dec. 23, 1971.

---

Johnson & Guthrie, R. Kelley Pierce, Dallas, for appellant.

Brundidge, Fountain, Elliott & Churchill, Gary Maxfield, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Dicker from $4000 judgment against him in favor of plaintiff Security.

Plaintiff Security sued defendant Dicker alleging the State of Maryland recovered $4000 judgment against defendant Dicker as principal, and Security as surety for Dicker; that plaintiff paid such judgment, and Maryland assigned same to plaintiff. Plaintiff prayed for judgment for $4000 plus interest.

Defendant answered by general denial, limitation, asserted the judgment unconstitutional, that defendant was not given notice of trial, and was denied due process of law.

Trial before the court resulted in judgment for plaintiff for $4000. plus 6% from August 21, 1968.

Defendant appeals on 7 points contending:

1) The trial court erred in not filing Findings of Fact and Conclusions of Law as required by Rules 296 and 297 Texas Rules of Civil Procedure.

2) The trial court erred in not allowing defendant to examine exhibits introduced into evidence, and in admitting such exhibits into evidence.

3) The trial court erred in rendering judgment against defendant because defendant's answer conclusively showed or raised a fact question as to the validity of service of citation and notice in the foreign action, and defendant should have been given opportunity to give evidence thereon.

4) The trial court erred in proceeding with trial without defendant being given the right to have counsel represent him.

Contention 1 complains of the trial judge's failure to file Findings of Fact and Conclusions of Law. Defendant admits his second request was not presented to the judge of the trial court, "but was called to the attention of another judge". In such situations the request for findings and conclusions is not effective. Birdwell v. Pacific Fin. Corp., Tex.Civ.App., NWH, 259 S.W.2d 957; Ross v. Odom, Tex.Civ.App., NWH, 88 S.W.2d 1053.

Contention 2 asserts the trial court did not allow defendant to examine exhibits and erred in admitting such exhibits into evidence. The exhibits complained of were certified copies of the Maryland Court proceedings reflecting that Maryland secured judgment against defendant and plaintiff; that plaintiff paid such judgment; and that Maryland assigned the judgment to plaintiff.

The trial court never refused defendant opportunity to examine the exhibits, and the record reflects defendant was familiar with them. The evidence was admitted without objection by defendant, and cannot be complained of now. 23 Tex. Jur.2d p. 320.

Contention 3 asserts defendant was not served with citation in the Maryland proceedings. The record reflects that the Maryland Court had personal jurisdiction over defendant; that defendant was actively in court; that his automobile was seized by Maryland authorities for taxes;

that he replevied his automobile with plaintiff as surety; that thereafter Maryland recovered judgment for the taxes against defendant and plaintiff; that plaintiff paid the judgment and received assignment of same.

Contention 4 asserts the trial court erred in proceeding with trial when defendant did not have counsel. Plaintiff filed suit July 23, 1969; defendant answered October 3, 1969. A hearing was had and judgment rendered against defendant. A new trial was granted. The case was tried again on March 11, 1971, and the trial court rendered judgment against defendant April 7, 1971. Defendant represented himself through all the foregoing proceedings. Defendant admitted the trial court offered him opportunity to employ an attorney a year prior to the March 11, 1971 hearing.

All defendant's points and contentions are overruled.

Affirmed.