PARKVIEW GENERAL HOSPITAL,
INC., Appellant,

v.

WACO CONSTRUCTION, INC., Appellee.

No. 1011.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 9, 1975.

Paul D. Little, Corpus Christi, for appellant.

John B. McNamara, McNamara, Smith & McNamara, Waco, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit by a dissenting shareholder against a corporation to determine the fair value of its shares of stock. Trial was before the court without the aid of a jury. The trial court found that the plaintiff had fully complied with all of the statutory and legal requirements to qualify as a dissenting shareholder and was, therefore, entitled to the fair value of its stock as reported by the court appointed appraiser. From such judgment the defendant corporation has perfected its appeal to this Court.

Plaintiff Waco Construction, Inc. was the owner of 250 shares of common stock in the defendant corporation Parkview General Hospital, Inc. On or about March 4, 1968, the defendant sent out notices to the plaintiff and others that a special meeting of all of the shareholders of defendant would be held on March 13, 1968. The purpose for such meeting was to consider a proposal of the board of directors of the defendant corporation that the hospital building, lands and assets should be sold by the corporation, pursuant to the terms of a contract dated March 5, 1968. Prior to the taking of the vote of the shareholders on the proposed corporate action, plaintiff filed on March 12, 1968, written objections to the proposed corporate action setting out that its right to dissent would be exercised if such action was taken.

On March 13, 1968, at the shareholders' meeting, the proposed corporate action was effectuated and on March 25, 1968, the sale occurred. After receiving notice on April 2, 1968, that the sale of the defendant's assets had taken place, the plaintiff made written demand (pursuant to Article 5.12 of the Texas Business Corporation Act), for the payment of the fair value of its shares of stock in said corporation as of the day before the vote was taken authorizing such corporate action. Plaintiff estimated that the fair value of its 250 shares was $50,000.00.

On May 7, 1968, some 27 or 28 days after demanding payment of the fair value of its stock, plaintiff submitted its certificate representing its 250 shares of stock to defendant's attorney for an endorsement to be placed thereon that such demand had been made. On June 3, 1968, the stock certificate was returned to plaintiff with the following endorsement:

"Waco Construction, Incorporation, the shareholder of the within shares of common stock of Parkview General Hospital, Inc. had demanded payment of the fair value of such shares of stock by letter dated April 9, 1968, and such shareholder shall not hereafter be entitled to vote or exercise any other rights of a shareholder except to receive payments for its shares of such stock pursuant to the provisions of Article 5.12, Texas Business Corporation Act and its right to maintain other action the shareholder may be entitled under such act."

The defendant corporation gave its opinion that the fair value of such shares on March 12, 1968, the day prior to the sale of the assets being approved, was $2,500.00 and that the defendant was prepared to pay such amount.

The plaintiff rejected such offer. Being unable to agree with defendant on a fair valuation of the shares, plaintiff, thereafter filed its original petition asking for a finding and determination of the fair value of such shares. Defendant filed its answer, included within was the admission that there was legal compliance with the statute with respect to notices by the plaintiff to the defendant.

Upon a hearing on the petition in February of 1972, the trial court concluded that plaintiff, Waco Construction, Inc., has complied with all of the terms and provisions of the Texas Business Corporation Act and that plaintiff was a dissenting shareholder of the defendant corporation, Parkview General Hospital, Inc., and that the said plaintiff was therefore entitled to the valuation of and payment for the shares of stock as of the 24th day of March, 1968. The trial court appointed George H. Trader appraiser to determine the fair value of the shares owned by plaintiff. Defendant made no objection to the appointment nor to the court's finding that plaintiff had complied with all the terms and provisions of the Texas Business Corporation Act.

On July 3, 1973, Trader filed his appraisal with the court, concluding that the value of plaintiff's shares of stock was $48.41 per share which amounted to the sum of $12,-102.50 for plaintiff's 250 shares of stock. The defendant then filed its motion to disregard the appraiser's report contending that certain matters had not been taken into consideration by the appraiser in finding the value of the stock and that upon consideration of such matters, the market value of such shares would only be $10.00 per share. There is nothing in the record, however, that indicates that such motion was ever presented to the court for action or decision. The trial court found that such motion had been abandoned.

The trial court filed a number of findings of facts and conclusions of law supporting its judgment. The defendant did not object or make any exceptions to the findings. The trial court found among other things

that plaintiff was the owner of 250 shares of the capital stock of the defendant corporation and that the corporation disposed of all or substantially all of its assets effective March 25, 1968. The court found that the plaintiff corporation had properly exercised its right to dissent, and that an appraiser should be appointed to determine the value of the defendant's stock. The court further found that neither party objected to the appointment of the appraiser or to the appraiser's report that the value of the plaintiff's stock was $12,102.50 which the trial court ultimately found was the fair value of the shares of stock owned by the defendant.

The defendant brings forward five points of error on appeal. In its first point, it contends that the judgment of the trial court, should be reversed because the court overruled the defendant's plea in abatement and motion to dismiss. The defendant filed the motion asserting that plaintiff's suit should be abated and dismissed for the reason of plaintiff's failure to prosecute its cause of action with reasonable diligence made the plaintiff "guilty of latches and stale demand." Defendant further asserted that plaintiff failed to comply with the provisions of Article 5.13B of the Texas Business Corporation Act and for such additional reason the suit should be dismissed. This latter contention is not briefed and is accordingly overruled.

■ A plea in abatement is one which when filed, must be urged, or is subject to being waived. *Cook United, Inc. v. State*, 455 S.W.2d 332 (Tex.Civ.App.—Fort Worth 1970, rev'd on other grounds 464 S.W.2d 105); *Sneed v. Sneed*, 296 S.W. 643 (Tex. Civ.App.—Austin 1927, no writ).

■ Although defendant filed its plea in abatement and motion to dismiss, the record shows that it was never urged by the defendant. It was the duty of the defendant to present its plea and request a ruling thereon before the case was called for trial on the merits. The defendant's failure to do so constituted a waiver of the plea. Defendant's first point of error is overruled.

The defendant's second point of error is stated as follows:

"The Judgment of the trial Court should be reversed because of the *holding by the Court* '. . . that on the 9th day of April, 1971, the Secretary of State of the State of Texas, Pursuant to the provisions of Article 12.17, Chapter 12, Title 122A, Taxation-General, Revised Civil Statutes of Texas, forfeited the Corporate Charter of the Defendant Corporation, Parkview General Hospital, Inc.; that said Charter has not been revived pursuant to the provisions of said Statute and on the date of the trial for this cause of action and on the date of the entry of this Judgment the Corporate Charter of said Defendant Parkview General Hospital, Inc. remains forfeited; ', thus denying Appellant its right to defend against the claims of Appellee and that such denial was an abuse of discretion."

In the first place, the trial court did not make such a holding; it was an undisputed evidentiary fact. The record discloses that the charter of the defendant corporation had not been reinstated as of the date of trial. Defendant asserts that the trial court based its judgment on this fact, thus denying the defendant the right to sue or defend its case under the authority of Article 12.14, Taxation-General (1969). This article states in part: ". . . any corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter or certificate of authority of such corporation."

Although defendant forfeited its right to defend because its charter had been forfeited, such matter was not raised or urged by the plaintiff corporation. Unless waived, a corporation whose charter has been forfeited does not have the right to use the courts of Texas. See *Ross Amigos Oil Co. v. State*, 134 Tex. 626, 138 S.W.2d 798 (1940). See also *Mobile Homes of America, Inc. v. Easy Living, Inc.*, 527 S.W.2d 847 (Tex.Civ.App.—Fort Worth 1975).

Nowhere in the judgment does the court hold, refer to, or state that the judgment in favor of plaintiff was based in any manner on the forfeited condition of defendant's corporate charter. After a review of the statement of facts, there appears no indication that defendant was denied the right to defend. In fact, there was no evidence tendered by the defendant corporation which was refused by the court on the ground that defendant had forfeited the charter. Defendant's second point of error is completely without merit.

In defendant's third point of error, it contends that it was error for the trial court to allow testimony and/or documentary evidence over defendant's objections tending to show no corporate status on the part of the defendant corporation and no legal standing to be in court. We have reviewed that part of the statement of facts wherein the defendant complains of the testimony introduced and find there was no objection by defendant nor any ruling by the trial court with respect to the introduction of the complained of evidence. No request was made by the defendant to exclude or strike the testimony complained of after it was given. Consequently, defendant failed to preserve its right of appellate review. See *Bridges v. City of Richardson*, 354 S.W.2d 366 (Tex.Sup.1962); *Harlow v. Swift and Company*, 491 S.W.2d 472 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.); *Dicker v. Security Insurance Company*, 474 S.W.2d 334 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.). Appellant's third point of error is overruled.

Defendant next attacks the order of the trial court appointing George A. Trader appraiser contending it was not aware of such action taken by the court (the appointment) nor was Mr. Trader qualified and that such appointment was not done in accordance with Article 5.12C of the Texas Business Corporation Act. Article 5.12C provides as follows:

"C. After the hearing of such petition, the court shall determine the sharehold-

ers who have complied with the provisions of this Article and have become entitled to the valuation and payment of their shares, and shall appoint a qualified appraiser to determine such value. Such appraiser shall have power to examine any of the books and records of the corporation the shares of which he is charged with the duty of valuing, and he shall make a determination of the fair value of the shares upon such investigation as to him may seem proper. The appraiser shall also afford a reasonable opportunity to the parties interested to submit to him pertinent evidence as to the value of the shares. The appraiser also shall have such power and authority as may be conferred on Masters In Chancery by the Rules of Civil Procedure or by the order of his appointment."

The record shows that the defendant was fully apprised of the court's action in appointing Mr. Trader as appraiser as reflected by the court's order. No objection to such appointment was made by defendant until after the appraiser's report was filed, and then the objection was only to the method of computation of the fair value of the shares and not to appraiser's qualifications or that defendant was deprived of the opportunity to contest the appointment of Mr. Trader as the appraiser.

The defendant further complains that the appraiser's report filed July 24, 1972, appraising the value of the stock as of March 16, 1968, does not make any attempt to determine the value of the stock as of March 24, 1968, in accordance with the order of the court. This is not so. Mr. Trader testified that his appraisal of $48.41 per share was the value on both March 16, 1968 and March 24, 1968, the date in the trial court's order. Appellant's fourth point of error is overruled.

■ In appellant's last point of error, it asserts that plaintiff failed to conform strictly to the provision of Article 5.13B of the Texas Business Corporation Act. The trial court found that: "Waco Construction,

Inc. exercised its right of dissent to said sale in the manner provided by the Texas Business Corporation Act." This point of error must be overruled for several reasons. First, the defendant corporation admitted that plaintiff had complied with the statute. Second, the defendant failed to object to plaintiff's failure to strictly comply with the statute. Third, defendant did not exercise its option to terminate plaintiff's rights under Article 5.12 for non-compliance. And finally, defendant did not show that the non-compliance prejudiced it in any manner whatsoever. See Rule 434, T.R.C.P.

Article 5.13B of the Texas Business Corporation Act provides in part as follows:

"B. Within twenty (20) days after demanding payment for his shares in accordance with Article 5.12, each shareholder so demanding payment shall submit the certificate or certificates representing his shares to the corporation for notation thereon that such demand has been made. *His failure so to do shall, at the option of the corporation, terminate his rights under Article 5.12 unless a court of competent jurisdiction for good and sufficient cause shown shall otherwise direct. . . .*" (Emphasis supplied).

Plaintiff made its demand for payment on April 9, 1968. However, plaintiff did not submit its certificate to the corporation for notation until May 7, 1968, some 27 or 28 days after the demand was made, thus not strictly complying with the statute. The statute referred to above, however, recites that the shareholder's failure "so to do shall, *at the option of the corporation,* terminate his rights under Article 5.12 unless a court of competent jurisdiction for good and sufficient cause shown shall otherwise direct." There is nothing in the record which indicates that at the time plaintiff failed to submit its certificate within 20 days after demanding payment, that defendant exercised its option to terminate but on the contrary, it appears that defendant waived the non-compliance by plaintiff.

In defendant's original answer, it admitted that plaintiff was the only stockholder who had complied with Article 5.12 of the Texas Business Corporation Act. Defendant made no objection to plaintiff submitting its certificate for notation some 7 or 8 days after the times set out by the statute. In fact, the defendant made the notation on plaintiff's certificate and returned the same to plaintiff without making any exception or objection to plaintiff's delay. Furthermore, the attorney for defendant during the initial period of the transaction leading up to its lawsuit testified as follows:

"Q I see. Now, with regard to the suit itself that was filed, ultimately filed by Waco Construction, Inc., under the—allegedly under the provisions of Article 5.10 through .14 of the Texas Business Corporation Act, at the time that you prepared and filed the answer for Parkview General Hospital, (defendant) did you calculate the timing of various requirements for a stockholder to use the provisions of this act? Did you check to see if they had filed what they were supposed to file within the time provided by the statute, 5.12, to be exact?

A Without going back and reviewing what the statute said at that time and says now, our firm was satisfied that there was legal compliance with the statute by the plaintiff. And so reflected in our answer.

Q That was what I was going to ask you next.

A Yes.

Q Didn't your answer so specify that was the case?

A Yes.

Q All right.

A Well, I think your question, though, was did I sit down and calculate time and so forth.

Q Yes.

A We did do sufficient legal research that in our opinion the plaintiff had complied with the statute."

It, therefore, appears that although plaintiff did not strictly comply with Article 5.13B, such non-compliance was expressly waived by defendant. The fifth point of error is overruled.

The judgment of the trial court is affirmed.