CONTINENTAL CONTRACTORS, INC., et al., Appellants,

v.

Paul THORUP, d/b/a P & S Construction Specialists, Appellee.

No. 17285.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 1, 1979.

Paul C. Murphy, III, Huntsville, Winstead, McGuire, Sechrest & Trimble, J. Robert Fisher, Dallas, for appellants.

Davis, Davis, Durham & Schulze, E. M. Schulze, Jr., Huntsville, for appellee.

EVANS, Justice.

The plaintiff, a concrete subcontractor doing business as P & S Construction Specialists, brought this action against two defendants, Continental Contractors, Inc., the prime contractor, and Balboa Insurance Company, the surety on Continental Contractors' payment bond, to recover for labor and materials supplied in connection with a public drainage project in Huntsville, Texas. The defendant, Continental Contractors, filed a counterclaim seeking damages for plaintiff's alleged failure to complete his obligations under the subcontract.

At the close of the plaintiff's evidence, the defendants filed a motion for dismissal and a motion for judgment, both of which were overruled by the trial court. The case was submitted to a jury, and on the basis of its verdict the trial court entered judgment in favor of the plaintiff. After a hearing on the defendants' motion for new trial, a remittitur was ordered and filed. Both defendants bring this appeal.

The defendants first contend that the trial court erred in overruling their motion for dismissal at the close of the plaintiff's evidence because the plaintiff had not filed an assumed name certificate as required by Section 36.10 Texas Bus. & Comm.Code. This contention will be denied.

The civil penalty for failing to file an assumed name certificate as required by Section 36.10 is set forth in Section 36.25 Texas Bus. & Comm.Code:

Failure to comply with the provisions of this chapter by any person shall not impair the validity of any contract or act by such person nor prevent such person from defending any action or proceeding in any court of this state, but such person shall not maintain an action or proceed-

ing in any court of this state arising out of a contract or act in which an assumed name was used *until* an original, new, or renewed assumed business or professional name certificate has been filed as required by this chapter . . . (emphasis added) Added by Acts 1977, 65th Leg., P. 1095, ch. 403, § 1, effective August 29, 1977.

The effect of this provision is to authorize the court to abate an action until the required certificate has been filed. See comment, Section 36.25 Tex.Bus. & Comm. Code (Supp.1978).

Although it was apparent from the face of plaintiff's petition that his claim was being asserted under an assumed name, the defendants waited until the second day of the trial to bring this matter to the trial court's attention by filing their motion to dismiss.

A plaintiff's right to maintain the suit in the capacity in which he sues is properly raised by a plea in abatement, not by a motion for dismissal. *Coakley v. Reising*, 436 S.W.2d 315 (Tex.1968). A plea in abatement not relating to matters of jurisdiction must be urged before the trial on the merits begins; otherwise it is waived. Rule 175, Tex.R.Civ.P.; *In re Estate of Maxey*, 559 S.W.2d 458 (Tex.Civ.App.-Texarkana 1977, writ ref'd n. r. e.); *Parkview Gen. Hosp. v. Waco Const., Inc.*, 531 S.W.2d 224 (Tex.Civ.App.-Corpus Christi 1975, no writ). The effect of a non-jurisdictional abatement of the cause is to suspend further action in the case until the cause for abatement has been corrected. *Haney v. Temple Trust Company*, 55 S.W.2d 891, 893 (Tex.Civ.App.-Austin 1932, writ dism'd).

Since the plaintiff's capacity to sue under an assumed name was not called to the courts attention until the trial was in progress and after the plaintiff had closed his evidence, the plaintiff's failure to have an assumed name certificate on file was not properly called into question. Furthermore, even if the question had been properly presented, the court's action in abating the cause until an assumed name certificate had

been filed was not reversible error under the facts of this case.

In their second and third points of error the defendants contend that the plaintiff failed to prove that he had complied with a statutory condition precedent to the assertion of his claim. The statute relied upon by the defendants specifies that the claimant must give written notice of his claim to the prime contractor and the surety within 90 days after the 10th day of the month next following each month in which the labor was done or performed or materials were delivered. Article 5160B, Tex.Rev. Stat.Ann. (1977). It has been held that proof of the notice requirements of this statute is a condition precedent to a subcontractor's cause of action against the payment bond required by statute. *Bunch Electric Company v. Tex-Craft Builders, Inc.*, 480 S.W.2d 42 (Tex.Civ.App.-Tyler 1972, no writ).

The plaintiff in the case at bar did not offer proof that he had given the notice required by statute, but he did allege in his petition that all relevant conditions precedent to the defendant's liability had occurred or been performed. The defendants filed only a general denial and did not specifically deny that the plaintiff had given the statutory notice; therefore, the plaintiff was not obligated to offer independent proof that he had given the required notice.

"In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the [other] party." Rule 54, Texas Rules of Civil Procedure

The defendants argue that under the holding in *Bunch Electric Company v. Tex-Craft Builders, Inc.*, supra, the question of proper notification was raised by their unsworn general denial and that the plaintiff was required to offer proof that proper notification had been given, notwithstanding the fact that his petition alleged per-

formance of all conditions precedent to his recovery under Rule 54, Tex.Rev.Stat.Ann. In *Bunch*, the court merely held that the statutory notice requirements would be considered a part of the parties' contractual agreement, requiring proof by the party relying on the contract that he had complied with the statutory requirements. The court's opinion in *Bunch* does not indicate that such proof would have been required if the plaintiff in that case had alleged in his petition that all conditions precedent had been performed or had occurred, as authorized by Rule 54 Texas Rules of Civil Procedure. The defendants' second and third points of error will be denied.

 By cross-point, the plaintiff contends that the trial court abused its discretion in ordering a remittitur which had the effect of reducing the amount of his attorneys' fees below that which the evidence established to be reasonable and just compensation. The trial court's order for new trial does not reflect which portion of the verdict it considered excessive, and this court cannot determine from the record that the remittitur is directed solely to the item of attorneys' fees. In determining whether the trial court was justified in ordering a remittitur, this court must consider whether, in the light of the entire record, the trial court's order of remittitur is manifestly unjust. *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835, 840 (1959). Under the circumstances presented, this court is unable to determine that the trial court abused its discretion in ordering a remittitur in the amount stated. The plaintiff's cross point is denied.

The judgment of the trial court is affirmed.

COLEMAN, C. J., and WALLACE, J., sitting.