**James B. HOLT, Appellant,**

v.

**D'HANIS STATE BANK and Medina Bankshares, Inc., Appellees.**

**No. 04–98–00868–CV.**

Court of Appeals of Texas, San Antonio.

April 7, 1999.

Glenn J. Deadman, Glenn J. Deadman, P.C., San Antonio, for Appellant.

Bruce Perkins, James Sylvester, Ford, Fritz, Byrne & Head, L.L.P., Austin, for Appellee.

Before TOM RICKHOFF, Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### Nature of the Case

James B. Holt appeals from a summary judgment granted in favor of D'Hanis

State Bank and Medina Bankshares, Inc. (collectively referred to as "D'Hanis"). In his first issue, Holt contends that the court erred in setting and hearing the motion for summary judgment on August 7. In his second and third issues, Holt argues that the court erred in granting the motion for summary judgment or, alternatively, in dismissing the case for want of prosecution.

### Factual Background

Holt, a resident of Maryland, owned eleven shares of stock in Old D'Hanis Bank. During 1997, the Board of Directors of the Old D'Hanis Bank planned to merge Old D'Hanis Bank into the Merger Corporation, a wholly owned subsidiary of Medina Bankshares. The resulting entity was named D'Hanis State Bank and the ownership of Old D'Hanis Bank was transferred to Medina. According to the plan, out-of-state shareholders such as Holt would not be eligible to obtain shares in Medina but instead would have their shares converted to cash at the mandatory exchange rate of $5,400.70 per share.

Holt notified Old D'Hanis Bank of his intent to dissent from the proposed merger. Holt voted against the plan but more than two-thirds of the shareholders of Old D'Hanis Bank approved the merger plan. The effective date of the merger was September 5, 1997. Holt notified D'Hanis State Bank that he rejected the offer to convert his eleven shares for $5,400.70 per share and contended that the fair value of the shares was $10,500 per share. Holt and D'Hanis State Bank were not able to agree on the fair value of the shares within sixty days of the merger. *See* Tex. Bus. Corp. Act Ann. art. 5.12, § B (Vernon Supp.1998). Under the statute, Holt had an additional 60 days to file a petition in court asking for a determination of the fair value of the shares. *Id.* Thus, Holt had 120 days from the effective date of the merger to file suit. The deadline for filing suit was January 3, 1998 which was a Saturday. Thus, Holt's filing of the suit

on Monday, January 5 was timely. Holt did not request citation, however, until April 2, 1998 and D'Hanis was not served with citation until April 6.

Holt filed the petition *pro se* but acquired the services of an attorney sometime between the filing of the suit on January 5 and service of process on April 6. On June 5, D'Hanis filed a motion for summary judgment. On June 26, Holt's attorney filed a motion to withdraw and was permitted to withdraw at a hearing held on July 1. On August 7, the court held a hearing on D'Hanis's motion for summary judgment and granted the motion for summary judgment. Holt was not represented by counsel at the August 7 hearing.

Some confusion exists as to whether the court granted the motion for summary judgment or dismissed the case for want of prosecution. The docket sheet shows that the court held a hearing on the motion for summary judgment on August 7, granted the motion, and entered an order of dismissal. The order of dismissal states:

> On this day came to be heard the motion for summary judgment of D'Hanis State Bank and Medina Bankshares, Inc., Defendants. Having heard and considered the motion, the Court is of the opinion that Plaintiff James B. Holt has failed to comply with the requirements of the Texas Business Corporation Act and as a matter of law is not entitled to valuation of and payment for his shares.
>
> IT IS, ACCORDINGLY, ORDERED that this suit is dismissed with prejudice, with costs of suit taxed to the parties incurring same.

Despite the recitation in the order, the clerk's office sent a letter to the parties stating that the cause was dismissed on the court's own motion for want of prosecution. The order clearly shows, however, that the case was dismissed because the court granted D'Hanis's motion for summary judgment. Therefore, we find that the court granted the motion for summary judgment rather than dismissing the case

for want of prosecution as stated in the clerk's letter.

## Motion to withdraw

■ In his first issue, Holt argues that the court erred in setting and hearing the motion for summary judgment on August 7 for three reasons: (1) Rule 10 was violated; (2) he received no notice of the hearing; and (3) his constitutional rights were violated. The motion for summary judgment was filed on June 5. Holt's attorney filed a motion to withdraw on June 26 without having filed a response to the motion for summary judgment. The court set the motion to withdraw and the motion for summary judgment for hearing on July 1. Holt argues that the motion to withdraw and the order permitting withdrawal are silent as to any pending settings in violation of Rule 10 of the Texas Rules of Civil Procedure. Rule 10 requires that all pending settings and deadlines be included in a motion to withdraw. Tex.R. Civ. P. 10. Further, "if the motion is granted, the withdrawing attorney shall immediately notify the party in writing of any additional settings or deadlines of which the attorney has knowledge at the time of the withdrawal and has not already notified the party." Tex.R. Civ. P. 10.

The motion to withdraw incorporates "exhibit A" which is a copy of a letter sent to Holt by his attorney. The letter stated that the case was set for trial on July 1 and that the motion for summary judgment would also be heard at that time. The letter further advised Holt that a hearing on the motion to withdraw would also be held on July 1. Thus, Holt's attorney complied with the requirements of Rule 10. The court permitted Holt's attorney to withdraw and then re-set the trial and summary judgment hearing for August 7. The only possible Rule 10 violation would be the failure of either Holt's attorney or the court to give Holt notice of the August 7 setting. But, the supplemental clerk's record shows that D'Hanis mailed a copy of a letter to Holt confirming the August 7 hearing date. The letter was filed on July 6 and stated that the motion for summary judgment had been rescheduled for August 7. Thus, Holt had notice of the August 7 hearing and the court did not err in setting and hearing the motion for summary judgment on August 7.

■ Holt asserts that the court should ensure that the rights of the client are not prejudiced by the withdrawal of counsel and further that the client has sufficient time to hire a new attorney. *See Villegas v. Carter*, 711 S.W.2d 624, 626–27 (Tex. 1986) (finding court abused its discretion in allowing attorney to withdraw two days before trial and not granting continuance). Specifically, Holt takes issue with the fact that his attorney withdrew without filing a response to D'Hanis's motion for summary judgment. In the motion to withdraw, however, Holt's attorney included a letter written to Holt in which he stated that Holt had not provided him with information necessary to prepare the response and therefore he could not represent Holt adequately and must withdraw. Holt further argues that he had insufficient time to hire new counsel to respond to the motion for summary judgment and appear at the hearing on his behalf and thus it was unreasonable for the court to hold the hearing on August 7. The record does not indicate that Holt requested a continuance of the August 7 hearing and he does not complain of the court's failure to grant a continuance. The fact remains that Holt had more than thirty days to hire a new attorney to represent him in the summary judgment proceeding. Under these circumstances, the court did not err in setting and hearing the motion for summary judgment on August 7. We overrule Holt's first issue.

## Summary Judgment

In his second issue, Holt argues that the court erred in granting D'Hanis's motion for summary judgment. D'Hanis's motion for summary judgment was based on Holt's failure to comply with the statute of

limitations in the Business Corporation Act and his failure to comply with article 5.13 section B of the Business Corporation Act. In a motion for summary judgment, the movant has the burden to show that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). A defendant is entitled to summary judgment when each element of an affirmative defense to plaintiff's cause of action has been established as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990) (citing *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984)). If the non-movant fails to file a response, as in this case, the non-movant can only attack the legal sufficiency of the movant's summary judgment proof on appeal. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

 The record shows that Holt filed suit on January 5, 1998, which was the last day under the applicable statute of limitations. Holt did not request service, however, until April 2 and D'Hanis was not served until April 6. When a plaintiff files suit within the statute of limitations but does not serve the defendant until after the statute of limitations has run, the date of service relates back to the date of filing if the plaintiff exercised due diligence in effecting service. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990). If due diligence was not exercised, the lawsuit is deemed filed on the date of service. *Id.* When the defendant shows that service was not timely, the burden shifts to the plaintiff to explain the delay. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990). It is undisputed that service was effectuated after the statue of limitations had run. Holt did not file a response to D'Hanis's motion for summary judgment and thus gave no explanation for the delay. Therefore, Holt has not satisfied his burden of showing that he exercised due diligence in procuring issuance and service of citation. *See Perkins v.*

*Groff,* 936 S.W.2d 661, 668 (Tex.App.—Dallas 1996, writ denied) (finding due diligence not shown when plaintiff fails to respond to a motion for summary judgment).

 Holt asserts that three months delay in procuring service is not a lack of due diligence because Holt could not find a single case that held a delay of less than five months constituted a lack of due diligence as a matter of law. However, we need not find that three months delay is a lack of diligence as a matter of law to uphold the summary judgment. An unexplained delay constitutes a lack of due diligence as a matter of law. *See Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ). Holt also argues that due diligence is a fact issue. Holt could have raised a fact issue by filing a response to the motion for summary judgment. However, the material facts are not disputed because Holt gave no explanation for the delay. Thus, Holt's suit was barred by limitations and the court did not err in granting D'Hanis's motion for summary judgment.

 In its second ground for summary judgment, D'Hanis argued that Holt failed to submit his share certificates to D'Hanis for notation under article 5.13 section B of the Business Corporation Act. *See* Tex. Bus. Corp. Act Ann. art. 5.13, § B (Vernon Supp.1998). Article 5.13 section B provides that the failure to submit the certificates shall, at the option of the corporation, terminate such shareholder's rights to dissent unless a court for good and sufficient cause shown shall otherwise direct. *Id.* It is uncontroverted that Holt did not submit his share certificates to D'Hanis. Holt contends that D'Hanis has waived this requirement because there is no evidence that D'Hanis exercised its option to terminate. Holt asserts that D'Hanis's failure to raise the issue in its answer waived Holt's non-compliance, relying on *Parkview Gen. Hosp., Inc., v. Waco Constr., Inc.,* 531 S.W.2d 224, 228–29 (Tex. Civ.App.—Corpus Christi 1975, no writ).

**242**

In *Parkview,* the plaintiff did not strictly comply with article 5.13 because he submitted the certificates after the required twenty days. *Id.* The court found the corporation waived non-compliance with article 5.13 section B when it admitted in its answer that plaintiff complied with all statutory requirements and failed to note any exception in its notation on plaintiff's certificates. *Id.*

Our case is distinguishable from *Parkview.* D'Hanis answered by filing a general denial and did not admit that Holt fulfilled the statutory requirements. Thus, D'Hanis did not waive Holt's non-compliance with article 5.13 section B. D'Hanis properly raised the issue in its motion for summary judgment. We find that the summary judgment can be upheld on both grounds advanced by D'Hanis and we overrule Holt's second issue.

Having found that this case was dismissed as a result of the granting of D'Hanis's motion for summary judgment, we need not address Holt's third issue addressing dismissal for want of prosecution.

Accordingly, we affirm the court's judgment.