11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Victor
Turman

Appellant

Vs.      
            No. 11-02-00171-CV  B Appeal from Callahan County

Larry D. James

Appellee

 

This is a
suit for personal injuries arising from an automobile accident that occurred on
June 19, 1996, in Callahan County. 
Victor Turman filed the suit within the two-year limitations period, but
did not serve Larry D. James until more than two and a half years after the
accident.  Following a bench trial, the
trial court concluded that Turman failed to use due diligence in obtaining
service of process on James; and, therefore, Turman=s suit was barred by limitations.  The trial court entered a take-nothing
judgment against Turman.  We
affirm.     

In his
sole issue, Turman asserts that the trial court erred in entering a
take-nothing judgment against him because he used due diligence in serving
James with process.  In Gant v. DeLeon,
786 S.W.2d 259, 260 (Tex.1990), the Texas Supreme Court explained:

To Abring suit@ within the two-year limitations period prescribed by section 16.003, a
plaintiff must not only file suit within the applicable limitations period, but
must also use diligence to have the defendant served with process.  Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182
(Tex.1970).  When a plaintiff files a
petition within the limitations period, but does not serve the defendant until
after the statutory period has expired, the date of service relates back to the
date of filing if the plaintiff exercised diligence in effecting service.  Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890
(Tex.1975)(per curiam).     

 








Turman
filed this suit on April 23, 1998, and served James in January 1999, more than
six months after the limitations period expired.  In his answer, James asserted that limitations barred the suit.  When James raised the limitations defense,
the burden shifted to Turman to explain the delay in service of process.  Murray v. San Jacinto Agency, Inc., 800
S.W.2d 826, 830 (Tex.1990).  However,
Turman did not amend his pleadings to assert that limitations had been tolled
for any reason or offer any evidence to that effect.  Turman did not offer any evidence at trial to explain the delay
in service.  

In Holt v.
D=Hanis State Bank, 993 S.W.2d 237 (Tex.App. -
San Antonio 1999, no pet=n), the plaintiff filed suit within the limitations period but failed
to serve the defendant until three months after the limitations period
expired.  The plaintiff did not offer
any reason for the delay.  The court
held that limitations barred the suit because A[a]n unexplained delay constitutes a lack of due diligence as a matter
of law.@  Holt
v. D=Hanis State Bank, supra at 241.  Similarly, in Hansler v. Mainka, 807 S.W.2d
3, 5 (Tex.App. - Corpus Christi 1991, no writ), the court held that Aan unexplained delay of five months after the
expiration of the statute of limitations is, as a matter of law, not due
diligence in procuring issuance and service of citation.@  In
this case, the unexplained delay constitutes a lack of due diligence in serving
James.

Additionally,
the evidence established that Turman knew of James= location in May 1998.  During cross-examination, Turman testified
that his lawyer sent him a letter dated May 1998, stating that he had located
James.  He requested Turman to send him
money for the cost of serving James. 
However, Turman did not send his lawyer the money until December
1998.  This evidence established that
there was no excuse for the six-month delay. 
The two-year statute of limitations barred Turman=s suit. 
Turman=s sole issue is overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

March 6, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.