**REVERSE and REMAND and Opinion Filed April 9, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00345-CV

## PAT PENNINGTON, INDIVIDUALLY AND AERONAUTICAL TECH SERVICES, INC. D/B/A AERO TECH SERVICES, Appellants
## V.
## CYPRESS AVIATION, LLC, WILLIAM S. MONTGOMERY, AND DONAL R. SCHMIDT, JR., Appellees

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-04263**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

In this dispute over the cost of repairs made to an airplane, the trial court rendered judgment for appellees after concluding that appellants lacked standing to assert their claim. We reverse the trial court's judgment and remand for a new trial.

### BACKGROUND

The facts of this dispute are well-known to the parties and we do not repeat them here except as necessary to advise the parties of the reasons for our decision. TEX. R. APP. P. 47.4. Although Cypress Aviation, LLC was the original plaintiff in

this suit, the parties were later realigned with appellants as plaintiffs and appellees as defendants. Appellants pleaded that appellees breached a contract for repair and maintenance work done on a Cessna T201 aircraft. In their verified answer to appellants' claim, appellees pleaded that Aeronautical Tech Services, Inc. ("Aeronautical") "does not have the legal capacity to sue in this action," citing civil procedure rule 93(1). TEX. R. CIV. P. 93(1) (pleading that plaintiff does not have legal capacity to sue shall be verified by affidavit). Appellees did not, however, file a plea in abatement or obtain a ruling regarding Aeronautical's lack of capacity prior to trial. Appellees did not raise the issue until the second day of the trial before the court.

The trial court rendered judgment that appellants take nothing on their claims. The trial court also made findings of fact and conclusions of law, including the following:

## I. **Findings of Fact**

. . .

2. Aeronautical Tech Services, Inc. ("Aeronautical") is a Texas corporation in the business of supplying mechanical services to aircraft owners. Pat Pennington is the President of Aeronautical.

3. Pat Pennington, individually, as owner, filed an assumed name record for Aero Tech Services ("Aero Tech") on April 3, 2003, in Dallas County, Texas.

4. Aeronautical filed an assumed name certificate with the Secretary of State for Aero Tech Services on April 26, 2016, after suit was filed, during the pendency of these proceedings but before trial on the merits. After the close of all evidence, in post-trial briefing, without leave of

court, Aeronautical attached the assumed name certificate for Aero Tech filed in Dallas County, on December 6, 2017.

. . .

## II. <u>Conclusions of Law</u>

. . .

12. Aeronautical was statutorily required to file the assumed name certificate in the office of the secretary of state and the office where the registered or principal office is located. Aeronautical is not able to maintain a court proceeding until the certificate has been filed as statutorily required. Failure to timely file the certificate in Dallas County prior to the close of evidence in the trial on the merits deprived Aeronautical of legal standing to maintain a cause of action arising out of a contract.

13. At all relevant times, Aero Tech Services was the d/b/a of its owner Pat Pennington. Mr. Pennington had no claims against any of the parties and therefore is not entitled to recover the damages sought.

. . .

Apparently concluding that only Aeronautical, not Pennington or Aero Tech, could recover amounts due for repairs to the aircraft, and that Aeronautical lacked standing, the trial court ruled that none of the appellants could recover damages from any of the appellees. The trial court denied appellants' motion for new trial.

This appeal followed. In five issues, appellants contend the trial court erred by (1) concluding that Aeronautical lacked standing to maintain its claims, (2) failing to conclude that appellees waived their claims regarding Aeronautical's failure to file an assumed name certificate in Dallas County, (3) concluding that Schmidt and Montgomery are not individually liable for appellants' claims, (4) not

awarding appellants damages and attorney's fees, and (5) not awarding attorney's fees to Pennington.

## STANDARD OF REVIEW AND APPLICABLE LAW

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Fulgham v. Fisher*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.). We review a trial court's findings of fact under the same legal and factual sufficiency of the evidence standards used when determining if sufficient evidence exists to support an answer to a jury question. *Id.* We consider all the evidence supporting and contradicting the finding, and set aside the finding for factual insufficiency only if it is so contrary to the evidence as to be clearly wrong and manifestly unjust. *Id.* We review de novo a trial court's conclusions of law. *Id.* at 157–58.

The trial court concluded that appellants lacked standing to maintain their cause of action for breach of contract. Standing is a constitutional prerequisite to suit. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). Standing requires that there is a real controversy between the parties that will be actually determined by the judicial declaration sought. *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). A court has no jurisdiction over a claim made by a plaintiff who has no standing to assert it. *Heckman*, 369 S.W.3d at 150. Because standing is jurisdictional, it cannot be waived. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

–4–

In addition to standing, a plaintiff must have the capacity to pursue a claim. *Id.* The court in *Nootsie, Ltd.* explained, "[a] plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd.*, 925 S.W.2d at 661. Unlike standing, the assertion of a lack of capacity is procedural and can be waived. *See id.* at 662.

A corporation must file an assumed name certificate if it regularly conducts business in Texas under an assumed name. TEX. BUS. & COM. CODE § 71.101. Before 2019, the assumed name statute required every corporation operating under an assumed name to file an assumed name certificate with the Secretary of State and with the county clerk where the entity is doing business. *See* Act of May 15, 2007, 80th Leg., R.S., Ch. 885, § 2.01, 2007 TEX. GEN. LAWS 1906, 1933 (amended 2009 and 2019) (current version at TEX. BUS. & COM. CODE § 71.103).[1] Although the corporation's failure to comply with section 71.101 or section 71.103 "does not impair the validity of any contract" or prevent the corporation from "defending any action or proceeding in any court of this state," the corporation "may not maintain in a court of this state an action or proceeding arising out of a contract or act in which

---

[1] In 2019, the Legislature amended section 71.103. The requirement to file a certificate in the office of the secretary of state was retained, but the Legislature deleted the requirement to file a certificate in the office of the county clerk of the county in which the entity's principal office is located.

an assumed name was used until an original, new, or renewed certificate has been filed as required by this chapter." TEX. BUS. & COM. CODE § 71.201.

The supreme court has explained that section 71.201 "authorizes a court to abate an action until the certificate is filed." *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 55 (Tex. 2003). "[F]ailure to file an assumed name certificate does not render a plaintiff's claim void," but rather "affects a plaintiff's capacity to bring suit." *Id.* "An argument that an opposing party does not have the capacity to participate in a suit can be waived by a party's failure to properly raise the issue in the trial court." *Id.* at 56.

## DISCUSSION

In their first and second issues, appellants challenge the trial court's conclusion of law that Aeronautical lacked standing to maintain its claims, and argue that appellees waived their complaint that appellants failed to file an assumed name certificate in Dallas County for Aeronautical. Appellants do not dispute that the assumed name certificate for Aeronautical was filed only in the Secretary of State's office and not in Dallas County at the time appellants filed their claims against appellees. But they contend that appellees waived their objection to the failure to file the certificate in Dallas County because appellees did not present their objection to

the trial court before trial and obtain a ruling.[2] We agree. "[A] plaintiff's failure to have a valid [assumed name] certificate on file is not a jurisdictional issue but, rather, a capacity issue that is properly raised in a plea in abatement so that the cause may be suspended while the defect is corrected." *Eckman v. Northgate Terrace Apartments, LLC*, No. 03-18-00254-CV, 2018 WL 3150845, at *2 (Tex. App.—Austin June 28, 2018, pet. denied) (mem. op.). By failing to file a verified plea in abatement prior to trial, appellees waived their complaint. *Schlien v. Griffin*, No. 01-14-00799-CV, 2016 WL 1456193, at *7 (Tex. App.—Houston [1st Dist.] Apr. 12, 2016, pet. denied) (mem. op.); *see also STS Gas Servs., Inc. v. Seth*, No. 13-05-463-CV, 2008 WL 152229, at *13–14 (Tex. App.—Corpus Christi-Edinburg Jan. 17, 2008, no pet.) (mem. op.) (same; also noting that failure to file assumed name certificate affects plaintiff's capacity to bring suit but does not render plaintiff's claim void).

In *Continental Contractors, Inc. v. Thorup*, 578 S.W.2d 864, 866 (Tex. App.—Houston [1st Dist.] 1979, no writ), as here, "the defendants waited until the second day of the trial to bring [the plaintiff's failure to file an assumed name

---

[2] The panel requested additional briefing from the parties at oral argument submission of this appeal on the question when an assumed name is so similar to the name of an incorporated entity that filing of an assumed name certificate is not required. Only counsel for appellants appeared at argument, and he subsequently gave counsel for appellees notice of our request as we had directed him to do. Counsel for appellants timely filed a letter brief on the requested issue. Instead of filing their own letter brief on the issue, appellees filed a motion for leave to file a response to appellants' letter, requesting an extension for ten days after the deadline set by the panel. Because our request, communicated to appellees' counsel shortly after submission, was for additional briefing filed by all parties within ten days, we deny appellees' motion. In any event, counsel for appellants was not able to locate case authority on the question.

certificate] to the trial court's attention." Explaining that "[a] plaintiff's right to maintain the suit in the capacity in which he sues is properly raised by a plea in abatement, not by a motion for dismissal," the court noted that the effect of the statute "is to authorize the court to abate an action until the required certificate has been filed." *See id.* The court continued, "[a] plea in abatement not relating to matters of jurisdiction must be urged before the trial on the merits begins; otherwise it is waived." *Id.* The court concluded that the trial court did not err by overruling the defendants' motion to dismiss the plaintiff's claims for failure to file an assumed name certificate. *See id.* at 865–66.

Appellees established at trial that Pennington, not Aeronautical, had filed an assumed name certificate in Dallas County for "Aero Tech Services." But appellees never filed a plea in abatement or requested that the trial court suspend the case for correction of the defect. Instead, they argued that the trial court lacked jurisdiction over Aeronautical because the certificate had not been filed. But if Aeronautical performed the work on the aircraft, then it had standing to maintain the suit against appellees. *See Eckman*, 2018 WL 3150845, at *2 (owners of premises had standing to maintain suit for possession even though they had permitted assumed name certificate to elapse for name listed on lease as "owner" of premises). Consequently, we conclude the trial court erred by ruling that Aeronautical lacked standing to maintain its cause of action for breach of contract.

–8–

We sustain appellants' first issue. Given its erroneous legal conclusion, the trial court made no findings of fact regarding amounts, if any, Aeronautical may recover from appellees on its claims. Consequently, we must remand the cause for new trial. *See, e.g., Van Heerden v. Van Heerden*, 321 S.W.3d 869, 874 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (appellate court may remand a case when further proceedings, such as reweighing evidence or finding facts, are necessary). Because of our disposition of appellants' first and second issues, we need not address appellants' remaining issues.

## CONCLUSION

We reverse the trial court's judgment and remand the case for new trial. TEX. R. APP. P. 43.2(d).

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190345F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

PAT PENNINGTON,
INDIVIDUALLY AND
AERONAUTICAL TECH
SERVICES, INC. D/B/A AERO
TECH SERVICES, Appellants

No. 05-19-00345-CV          V.

CYPRESS AVIATION, LLC,
WILLIAM S. MONTGOMERY,
AND DONAL R. SCHMIDT, JR.,
Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-15-04263.
Opinion delivered by Justice
Osborne; Justices Schenck and
Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that appellants Pat Pennington, Individually and Aeronautical Tech Services, Inc. d/b/a Aero Tech Services recover their costs of this appeal from appellees Cypress Aviation, LLC, William S. Montgomery, and Donal R. Schmidt, Jr.

Judgment entered April 9, 2020

–10–