### HOLLOWAY v. PAUL O. SIMMS CO.
### No. 7523.

Court of Civil Appeals of Texas. Austin.
Oct. 15, 1930.

Rehearing Denied Nov. 5, 1930.

Harris & Harris, of Austin, for appellant.

Geo. E. Shelley, of Austin, for appellee.

BLAIR, J.

Appellee sued appellant in forcible detainer for possession of certain premises and recovered judgment as prayed in the justice court. Appellant appealed to the county court, and there appellee amended its pleadings and prayed for a reasonable rental as damages for withholding the premises pending the appeal, and for $25 attorney's fees as reasonable expenses for defending the cause in the county court. A jury verdict upon special issues resulted in judgment for appellee against appellant for possession of the premises; for $140 damages as the reasonable rental of the premises pending the appeal; and for $25 attorney's fees as reasonable expenses in defense of the suit on appeal; hence this appeal.

The affidavit in forcible detainer and upon which citation issued reads as follows:

"The State of Texas
."County of Travis

No. 16065

In Justice Court Precinct No. 3

"To Bryan Blalock, Justice of the Peace in said Precinct: Paul O. Simms Co. a partnership composed of Paul O. & Earl Simms shows that heretofore, towit: on or about the 1 day of Mar. 1929 he was in peaceable possession of Dwelling house and premises located at 301 and 303 Brazos St. in the City of Austin, Travis Co., Texas in Justice's Precinct No. 3, in said County, together with the lot and all improvements thereon situated; that on said day he demised said premises to Mrs. C. L. Holloway for the term of month to month from said date, which term is fully ended; that by virtue of said lease the said Mrs. C. L. Holloway, entered into possession of said premises, and is still possessed of the same; that being desirous upon the termination of said term to have and again repossess his said estate, he for that purpose, did on the 2 day of May 1929 make demand in writing of the said Mrs. C. L. Holloway for possession thereof, and the said Mrs. C. L. Holloway has hitherto refused and still refuses to comply with said demand, and wilfully holds said premises.

"Paul O. Simms Co.
"By O. M. Boone.

"Wherefore, he prays that the defendant be cited to answer this complaint, and that he have judgment for the restitution of said premises and for costs.

"Sworn to and subscribed before me, at Austin, this 2 day of May A. D. 1929.

"Bryan Blalock, Justice of the Peace, Precinct No. 3, Travis County, Texas."

Appellant contends that the affidavit is void and will not sustain the suit in forcible detainer, nor the issuance of citation thereon; (a) Because made by an agent who did not reveal his agency; (b) because it did not appear whether "Paul O. Simms Company" was a firm or corporation, and that name signed by "O. M. Boone," whose name did not appear in the body of the affidavit, was not sufficient; and (c) that a firm, partnership, or corporation cannot make an oath, but such must be made by an individual representing the firm or partnership, which fact must be revealed in the jurat of the officer taking the oath. We do not sustain these contentions.

■■ These matters were raised for the first time after the case had reached the county court on appeal, and after appellant had appeared and contested the suit on its merits in the justice court, and no special plea attacking the lack of authority of the agent was ever filed. The affidavit shows on its face that Paul O. Simms Company was complainant, and that it was a copartnership, composed of Paul O. and Earl Simms. It was signed "Paul O. Simms Co., by O. M. Boone." Under such circumstances, it will be presumed that the individual (O. M. Boone) signed the affidavit as agent for the partnership. Numerous authorities hold that where an agent makes an affidavit under procedural statutes like the forcible detainer statutes, which do not require the agent to swear to his agency, the affidavit is sufficient if it rea-

sonably appears therefrom that affiant is agent, and especially is this the rule where no attack is made upon the authority of the agent. R. S. art. 3977; Stacks v. Simmons (Tex. Civ. App.) 58 S. W. 958; Holden v. Meyer, 1 White & W., Civ. Cas. Ct. App. § 829; C. B. Carter Lbr. Co. v. De Grazier, 3 Willson, Civ. Cas. Ct. App. § 176; Messner v. Lewis, 20 Tex. 225; Messner v. Hutchins, 17 Tex. 597; Evans v. Lawson, 64 Tex. 199.

Appellant further contends that in this forcible detainer, instituted for possession only, it was error to add by amendment, after the case had reached the county court on appeal, a prayer for rents on the premises. The rents were recoverable as damages for withholding the premises pending appeal and authorized by article 3990 and numerous cases. McRae v. White (Tex. Civ. App.) 42 S. W. 793; Null & Co. v. J. S. Garlington & Co. (Tex. Civ. App.) 242 S. W. 507; Jones v. Cleaver (Tex. Civ. App.) 250 S. W. 251; Steele v. Steele, 2 Willson, Civ. Cas. Ct. App. § 348.

Appellant's remaining proposition is not sustained, that the evidence established the value of improvements placed by her on the premises, and that same should have been allowed as an offset against damages for rents. The appeal is prosecuted without a statement of facts and this question cannot be determined.

The judgment of the trial court is affirmed.

Affirmed.