**Marie Ann HAYS, et vir., Appellants,**

v.

**Bird OLD, Jr., et al., Appellees.**

**No. 7613.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 1, 1964.

Rehearing Denied Dec. 22, 1964.

Robert M. Parker, Welby K. Parish, Gilmer, for appellants.

Bird Old, Jr., Old & Moye, Mt. Pleasant, for appellees.

DAVIS, Justice.

Petitioners-appellees filed a petition in the District Court to have the five minor children of respondents-appellants, Marie Ann Hays and Virgil Hays, husband and wife, to be declared dependent and neglected because of the ill treatment the children were receiving. The case was tried before a jury. The jury found all five of the children were dependent and neglected. Judgment was entered and appellants have perfected their appeal. They bring forward six points of error.

By their first four points of error, appellants take the position that the petitioners did not verify their pleadings as required by Art. 2331 Vernon's Ann.Civ. St.; the court was without jurisdiction in the proceedings; and the error was fundamental. According to Art. 2331, a petition to have minor children declared dependent and neglected requires same to be verified. The verification can be waived. When any party makes an appearance before the court and does not specifically except to the pleadings, or file a plea in abatement specifically pointing out the error, such informality has been waived. That is, in a case tried before the court without a jury, the specific exception or plea in abatement must be filed before the rendition of the judgment. In a case tried before a jury, the specific exception or plea in abatement must be filed before the charge is read to the jury. There were no specific exceptions or plea in abatement. Rule 90, Vernon's Ann. Tex.Rules of Civil Procedure. The verdict of the jury cured all defects in the form of pleading. 45 T.J.2d 750, Sec. 188. In their motion for an instructed verdict they had this to say: "* * * And the petition of Petitioners mentioned above, and the evidence introduced herein fails to comply with the laws of the State of Texas, and fails to state a cause of action as defined by the laws of the State of Texas. * * *" If this exception is good, this court is wrong with its opinion.

There are many ways that a person can enter an appearance in court. 6 T.J.2d 111, "WHAT CONSTITUTES APPEARANCES". The appellants first filed a motion for change of venue. A hearing was had thereon and the motion denied.

The verification goes to the form of the pleading. The one making the allegations merely verifies the fact that such allegations are true and correct. If one wants to raise the issue, he must file exceptions, 45 T.J.2d 568, Sec. 111.

The appellants did file some special exceptions to the first amended original peti-

tion. These exceptions did not specifically point out the fact that said petition was not verified. The special exceptions were filed less than seven days prior to the trial. On motion of appellees, they were stricken from the record.

There is no case direct in point in a suit to have children declared dependent and neglected that anyone can waive the verification of the petition. This fact has given this court much concern. There are other cases where pleadings must be verified and the defect can be waived. 27 T.L.R. 564; 46 T.J.2d 186D, Objection and Waiver Thereof. None of the authorities specifically hold that a waiver of the verification applies to dependent and neglected children under Article 2331.

■ Appellants take the position that the trial court was without jurisdiction, and base their claim upon Hardy et al. v. McCulloch et ux., Tex.Civ.App., 286 S.W. 629, er. ref.; and, Sanchez v. Garcia et al., Tex.Civ.App., 278 S.W. 868, N.W.H. Both of the cases were decided prior to the new rules of civil procedure. In the Sanchez case, the court held that the County Attorney had no authority to participate in a habeas corpus proceeding to determine whether or not the child was a dependent and neglected child. It held that the trial judge had apparently become confused in the habeas corpus proceedings and for the adjudication and disposition of dependent and neglected children. The court held that the proceedings were fundamentally different in nature and in procedure. It went on to hold that in the adjudication of infants as dependent and neglected children a verified petition was essential to the validity of the proceedings. There was nothing said about a waiver by answer and hearing in the proceedings. In the Hardy case the mother of a child had formerly married a man by the name of Simpson. They had one child, Frances Simpson. Simpson deserted his wife prior to the birth of the daughter. The mother apparently gave the

child to the McCullochs. Mrs. Simpson then married a man by the name of Hardy. The Hardys filed a petition on July 18, 1923, for the custody and control of Frances Simpson. The McCullochs answered on August 21, 1923. The case was tried before a jury on April 23, 1924. Judgment was entered leaving the custody and control of the child to the McCullochs. On May 31, 1924, the court entered an order without pleadings or proof that the custody and control of said minor should go to Mrs. Hardy and continue until the first Saturday in August, 1924. On July 9, 1924, the court, on his own motion, called all the parties and attorneys before him for another hearing. The jurisdiction of the court had not been invoked by any form of motion or pleadings. The court ordered the child returned to the McCullochs, without the right of the mother or father to see the child any more. Under the law, the appellate court held that the order or judgment of the trial court was void because the court had never acquired jurisdiction of the child, and reversed and vacated the same.

There are many cases under injunctions and other matters which require verification that have held that verifications can be waived. In Oldfield et ux. v. Lester et al., Tex.Civ.App., 188 S.W.2d 722, N.W.H., it holds that the law respecting dependent and neglected children shall be liberally construed with a review to effect their objections and to promote justice.

To point out the court's holding in this case, we will briefly summarize what the proof shows. Appellants are the parents of four boys and one girl. On May 23, 1964, the sheriff, county judge and county attorney received a call to come to the home of appellants to make an investigation of the cruel treatment towards the minor children. When they arrived the mother of the children was out in the yard, apparently securing a switch. They inquired about the presence of the little girl. They were told by the mother that she was away visiting

some friends, but she could not give their names. The sheriff went in, and after a brief search he found a large box or chest against a closet door. He attempted to move the box or chest, and the mother tried to prevent him from doing so. He then removed her, moved the object from in front of the door and opened it. In the closet he found a little four year old girl, with her hands tied behind her back, and her feet tied together. There was a piece of tape, or bandage, on her upper lip. They removed the tape and found her upper lip completely split up to the base of her nose. They then proceeded to untie her hands and arms, and there were scars to show she had been previously tied many times. The evidence shows that she had been continuously beaten and whipped unmercifully. While she was eating, they would whip her so hard she would vomit in the bowl and be forced to eat the vomit, along with the other food.

There was evidence that one of the boys had a broken leg, which was in a cast up around his hips. He was placed in the bathtub, where apparently he had to sleep. There was evidence of scars that looked like cigarette burns on parts of his body.

One little boy had been forced to leave their home and had spent more than one year with his grandparents. There was MUCH other evidence of the cruel treatment, but it is not necessary to detail here. Although, there was no evidence of any cruel treatment towards the baby, who was about fifteen months old at the time. The evidence showed they did not begin to whip and correct the children until they became about two years old.

From the evidence in the case, it is mandatory that this court must hold that appellants waived the verifications of the pleadings by their answer and the motion to change the venue. The points are overruled.

Appellants' points of error 5 and 6 are without any merit and they are overruled.

The judgment of the trial court is affirmed.