In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00033-CR


______________________________




KHOURY RAY ROBERSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 19,033-2005




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Khoury Ray Roberson was convicted of six charges of sexual assault of a child by a Wood
County jury. The cases were tried together, and Roberson now appeals the six convictions. 

 Because the issues raised in each appeal are identical, for the reasons stated in our opinion
dated this day in Roberson v. State, cause number 06-06-00032-CR, we affirm the judgment of the
trial court.


 Jack Carter

 Justice


Date Submitted: May 9, 2007

Date Decided: May 24, 2007


Do Not Publish








proceeding produced the same result. Supersedeas was ordered, and
this appeal ensued. 

 Our affirmance of the county court's judgment is based on the following rulings:

 1. Jurisdiction for this forcible detainer action exists because

 a. the complaint's defective verification does not defeat jurisdiction, and

 b. the other pending lawsuit challenging the foreclosure does not defeat
jurisdiction.

 2. Reagan's plea in abatement was waived.

 3. Any error regarding supersedeas was waived.

1. Jurisdiction for This Forcible Detainer Action Exists

 a. The Complaint's Defective Verification Does Not Defeat Jurisdiction

 Reagan contends the affidavit attached to the amended sworn complaint for eviction is
deficient because it does not meet the personal knowledge requirement of Rule 739 of the Texas
Rules of Civil Procedure. A forcible detainer action is initiated by filing a "written sworn complaint"
with a justice of the peace. Tex. R. Civ. P. 739. "A sworn pleading is one verified by affidavit
under the sanction of an oath." 58 Tex. Jur. 3d Pleadings § 65 (2006). To be valid, a "verification
must be based on personal knowledge." Id.; Kerlin v. Arias, No. 06-0097, 2008 WL 4891729, at *2
(Tex. Nov. 14, 2008). For this reason, any qualifying statement about the affiant's personal
knowledge, such as the statement that the affidavit is "based on the best of one's personal
knowledge," renders the affidavit legally invalid. Ryland Group v. Hood, 924 S.W.2d 120, 122
(Tex. 1996); Legrand v. Fiesta Mart, Inc., No. 04-95-00138-CV, 1995 WL 714170, at * 3 (Tex.
App.--San Antonio Dec. 4, 1995, no pet.) (not designated for publication) (citing Burke v.
Satterfield, 525 S.W.2d 950, 955 (Tex. 1975)). 

 Here, NPOT filed an amended complaint verified by its agent, Frederick J. Willis. In his
affidavit, Willis swears that he is authorized to make the affidavit on NPOT's behalf, and avers, "I
have read the foregoing Amended Sworn Complaint for Eviction, and to the best of my personal
knowledge, the facts stated therein are true and correct." The qualification on Willis' personal
knowledge renders the affidavit insufficient, requiring us to determine that the complaint is
effectively unsworn. The question then becomes whether this deficiency divested the justice court
of jurisdiction to hear the forcible-detainer action.

 We review under a de novo standard any issues involving subject-matter jurisdiction. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

 There is no clear authority directly on point. One forcible-detainer case, decided almost
eighty years ago, begins our inquiry. See Holloway v. Paul O. Simms Co., 32 S.W.2d 672, 673 (Tex.
Civ. App.--Austin 1930, no writ). In Holloway, as in this case, an affidavit attached to a forcible-detainer complaint was challenged as void. The appellant alleged that deficiencies in the affidavit
would "not sustain the suit in forcible detainer, nor the issuance of citation thereon." Id. The court
of appeals affirmed the trial court's decision and noted that the objection to the affidavit was waived
since, in contrast to the case at hand, it was raised for the first time on appeal. Id. at 624. Although
this suggests that a deficiency in an affidavit attached to a forcible-detainer proceeding is not
jurisdictional, this was not the precise holding in Holloway.

 We find no other guidance from Texas forcible-detainer cases. We look to Texas caselaw
related to garnishment proceedings to provide guidance, since Rule 658 of the Texas Rules of Civil
Procedure requires that an application for garnishment be sworn. Tex. R. App. P. 658. One appeal
was taken after a default judgment on the ground that the affidavit accompanying the application for
garnishment was defective. See Sherry Lane Nat'l Bank v. Bank of Evergreen, 715 S.W.2d 148, 149
(Tex. App.--Dallas 1986, writ ref'd n.r.e.). Although the appellate court found the application
defective because it failed to demonstrate the facts contained within were sworn to before an officer
authorized to administer oaths, the court affirmed the default judgment because no objection was
filed below. Id. at 150, 152. In so holding, the court specifically found that the defect in the affidavit
was not jurisdictional. Id. at 151 (citing Gottesman v. Toubin, 353 S.W.2d 294, 299 (Tex. Civ.
App.--Houston 1962, no writ)).

 In reviewing Holloway and Sherry Lane, we conclude that the defective verification in this
case did not deprive the county court of jurisdiction over the subject matter of the dispute. See also 
Family Inv. Co. of Houston v. J.A. Paley, 356 S.W.2d 353, 355 (Tex. Civ. App.--Houston 1962, writ
dism'd) (description of property in complaint insufficient to meet statutory requirements but did not
divest lower courts of jurisdiction); Powell v. Mel Powers Inv. Builder, 590 S.W.2d 837, 838 (Tex.
Civ. App.--Houston [14th Dist.] 1979, no writ) ("neither the deficiency in the prayer of appellee's
petition, nor its alleged failure to demand return of possession of the premises, deprives the trial
court of subject matter jurisdiction in a forcible detainer case"). This comports with the general rule
that "omission of or formal defect in the verification of a plea or pleading may be deemed waived
unless the fault is challenged." Galaznik v. Galaznik, 685 S.W.2d 379, 382 (Tex. App.--San
Antonio 1984, no writ); see also Humiston v. Office of Attorney Gen., No. 05-94-01818-CV, 1995
WL 479617, at *3 (Tex. App.--Dallas Aug. 9, 1995, no writ) (not designated for publication); Hays
v. Old, 385 S.W.2d 464, 465 (Tex. Civ. App.--Texarkana 1964, writ ref'd n.r.e.).

 We conclude that the defective verification did not defeat jurisdiction.

 b. The Pending Other Lawsuit Challenging the Foreclosure Does Not Defeat
Jurisdiction


 Reagan also asserts a lack of jurisdiction because of a pending action to decide title. We
examine this issue, too, under a de novo standard of review. Mayhew, 964 S.W.2d at 928.

 While jurisdiction to hear forcible-detainer actions is vested in the justice courts, and on
appeal, to county courts for trial de novo, neither court has jurisdiction to adjudicate title to land. 
Tex. Gov't Code Ann. § 27.031 (Vernon Supp. 2008); Tex. Prop. Code Ann. § 24.002 (Vernon
2000); Tex. R. Civ. P. 749; Rice v. Pinney, 51 S.W.3d 705, 708 (Tex. App.--Dallas 2001, no pet.). 
Thus, where the right of immediate possession necessarily requires the resolution of a title dispute,
justice courts (and county courts on appeal) are without jurisdiction to award possession. Rice, 51
S.W.3d at 709. Reagan argues the county court did not have jurisdiction because other filed lawsuits
alleging wrongful foreclosure clouded title. 

 A forcible-detainer action is meant to be a speedy, simple, and inexpensive means to merely
resolve the question of the right to immediate possession of real property. Dormady v. Dinero Land
& Cattle Co., L.C., 61 S.W.3d 555, 557 (Tex. App.--San Antonio 2001, pet. dism'd w.o.j.); Rice,
51 S.W.3d at 709. The action is not exclusive of other remedies available to the parties, and a
displaced party is entitled to bring separate suit in district court to determine the question of title. 
Rice, 51 S.W.3d at 709. In cases challenging the validity of a trustee's foreclosure deed, such as in
this case, the Legislature contemplated concurrent actions in the district and justice courts. Id. at
710. Thus, contentions of wrongful foreclosure typically do not bear on the judgment in forcible-detainer cases. Id. at 710; Dormady, 61 S.W.3d at 558.

 We find no reason that the simple pendency of a separate proceeding claiming wrongful
foreclosure should defeat justice court or county court jurisdiction over a forcible-detainer case.

 But, Reagan also attacks jurisdiction alleging that the issue of title is so intertwined with the
issue of possession that possession and title could not be decided separately. Reagan relies on the
case of A Plus Investments, Inc. v. Rushton, No. 2-03-174-CV, 2004 WL 868866, at *2 (Tex.
App.--Fort Worth Apr. 22, 2004, no pet.) (mem. op.). In contrast to this case, the court in A Plus
Investments based its decision that the trial courts were without jurisdiction on the fact that A Plus
Investments failed to provide documents sufficient to make a prima facie showing indicating a right
of ownership, which was necessary to allow the lower courts to award possession. A Plus
Investments produced a home equity security instrument entered into with Associates naming
Associates the beneficiary and lender, and a deed naming CitiFinancial as the foreclosure purchaser. 
Because there was no evidence in the record to support a link between Associates and CitiFinancial,
the court concluded "the conflict regarding title [was] apparent" from the documents themselves. 
Id. at *2. 

 Here, no such conflict regarding the apparent chain of title appears in the record, such that
resolution of title was required before the award of immediate possession. Pursuant to Section
24.002 of the Texas Property Code, to prevail in the justice and county courts, NPOT was required
to demonstrate only that (1) it owned the property by virtue of the deed executed by Tolleson (the
missing link in the A Plus Investments case), (2) Reagan became a tenant at sufferance when the
property was sold under the deed of trust executed by Reagan, (3) NPOT gave proper notice to
Reagan requiring him to vacate the premises, and (4) Reagan refused to vacate the premises. See
Tex. Prop. Code Ann. § 24.002; Elwell v. Countrywide Home Loans, Inc., 267 S.W.3d 566, 568-69
(Tex. App.--Dallas 2008, pet. dism'd w.o.j.); U.S. Bank Nat'l Ass'n v. Freeney, 266 S.W.3d 623, 625
(Tex. App.--Dallas 2008, no pet.).

 Here, there was proof of the substitute trustee's deed from the foreclosure, conveying the
property to Tolleson, and the deed executed by Tolleson conveying the property to NPOT,
adequately establishing the threshhold foundation on which to base the determination of NPOT's
entitlement to possession of the property. See Freeney, 266 S.W.3d at 625. The deed of trust
executed by Reagan contained the following language making him a tenant at sufferance in the event
of foreclosure:

 Tenancy at Sufferance. If Grantor remains in possession of the Property after the
Property is sold as provided above or Lender otherwise becomes entitled to
possession of the Property upon default of Grantor, Grantor shall become a tenant at
sufferance of Lender or the purchaser of the Property, and shall, at Lender's option,
either (1) pay a reasonable rental for the use of the Property, (2) vacate the Property
immediately upon the demand of Lender, or (3) if such tenants refuse to surrender
possession of the Property upon demand, the purchaser shall be entitled to institute
and maintain the statutory action of forcible entry and detainer and produce a writ of
possession thereunder, and Grantor expressly waives all damages sustained by reason
thereof.


This landlord-tenant relationship provided the basis for determining the right to immediate
possession. See id. at 625-26. After foreclosure, a thirty-day notice to vacate was sent by certified
mail January 16, 2008, to Reagan at the address of the property pursuant to Section 24.005 of the
Texas Property Code. The notice clearly stated the property was to be vacated by February 16, 2008. 
The complaint for eviction alleged Reagan failed to vacate the premises, and that issue was not
contested at any point in the record provided to us. This documentation was sufficient to vest the
justice and county courts with jurisdiction to award NPOT the right to immediate possession, despite
Reagan's wrongful foreclosure claims. See Gore v. Homecomings Fin. Network, Inc., No. 05-06-01701-CV, 2008 WL 256830, at *1 (Tex. App.--Dallas Jan. 31, 2008, no pet.) (mem. op.).

2. Reagan's Plea in Abatement Was Waived

 Reagan also contends the trial court erred in overruling the plea in abatement and proceeding
to trial since the unverified complaint rendered the pleading invalid. We review the county court's
decision on the plea in abatement under an abuse of discretion standard. Wyatt v. Shaw Plumbing
Co., 760 S.W.2d 245, 248 (Tex. 1988); Brown v. Bowers, No. 05-07-00136-CV, 2008 WL 2152889,
at *2 (Tex. App.--Dallas May 22, 2008, no pet.) (mem. op.). A court abuses its discretion if it acts
in an arbitrary or unreasonable manner without reference to any guiding rules or principles. Brown,
2008 WL 2152889, at *2 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985)). Under an abuse of discretion review, we are not free to substitute our own judgment
for the county court's judgment. Id. (citing Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.
2002)). An error in analyzing or applying the law is an abuse of discretion. Id. 

 A plea in abatement challenges a plaintiff's pleading by asserting facts outside of the record
that prevent the suit from going forward until the problem can be cured. Id. In a plea in abatement,
the defendant must identify any impediment to the continuation of the suit, identify an effective cure,
and ask the court to abate the suit until the defect is corrected. Id. It cannot be used to determine
the merits of an action. Id. (citing KSNG Architects, Inc. v. Beasley, 109 S.W.3d 894, 898 (Tex.
App.--Dallas 2003, no pet.). Reagan's plea in abatement states that "The Verification of Frederick
J. Willis attached to the Original Petition for Forcible Detainer should (a) be deemed not to be a part
of any Original Petition for Forcible Detainer, and (b) be disregarded." (2) Nowhere in the plea is any
allegation made or explanation offered of how lack of verification is an impediment to the county
court's determination of immediate possession. There is also no offer of cure. Even assuming,
arguendo, that this is a proper plea, it was waived when Reagan proceeded to, and participated in,
the trial of this cause before urging the motion with the county court. 

 Generally, unless related to a court's jurisdiction to hear a dispute, a failure to file and urge
a plea in abatement at the proper stage will deprive a party of the right to be heard on the matter. 
Estate of Maxey, 559 S.W.2d 458, 461 (Tex. Civ. App.--Texarkana 1977, writ ref'd n.r.e.). 
Nonjurisdictional pleas "must be urged before trial on the merits begins; otherwise it is waived." 
Tex. R. Civ. P. 175; Tex.-On Motor Ctr. v. Transouth Fin. Corp., No. 14-04-00366-CV, 2006 WL
664161, at *3 (Tex. App.--Houston [14th Dist.] Mar. 16, 2006, no pet.) (mem. op.); Garcia v. Tex.
Employers' Ins. Ass'n, 622 S.W.2d 626, 630 (Tex. App.--Amarillo 1981, writ ref'd n.r.e.); Cont'l
Contractors, Inc. v. Thorup, 578 S.W.2d 864, 865 (Tex. Civ. App.--Houston [1st Dist.] 1979, no
writ); Parkview Gen. Hosp., Inc. v. Waco Constr., Inc., 531 S.W.2d 224, 226 (Tex. Civ.
App.--Corpus Christi 1975, no writ). 

 We have already determined that the failure to verify the complaint was nonjurisdictional. 
The record filed with this Court demonstrates that NPOT had called its only witness, who was
subject to cross-examination by Reagan, and that NPOT rested its case-in-chief before Reagan urged
the plea in abatement with the county court. While discussing and arguing the plea at such a late
stage, no complaint was made alleging the court should not proceed to render judgment based on the
merits due to the defective affidavit. Therefore, we find that Reagan waived the plea in abatement,
and his point of error on this matter is overruled. (3) See generally Maxus Tower Ltd. P'ship v. Travel
Int'l of Dallas, No. 05-92-00519-CV, 1992 WL 368036 (Tex. App.--Dallas Dec. 14, 1992, no writ)
(not designated for publication). 

3. Any Error Regarding Supersedeas Was Waived

 A judgment of a county court may not be stayed pending appeal under any circumstance
unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an
amount set by the county court. Tex. Prop. Code Ann. § 27.001 (Vernon Supp. 2008). The county
court's judgment was signed May 8, 2008. On the same day, Reagan asked the court to set a
supersedeas bond. The county court stated, "I think you've got to file a notice of appeal and then ask
for the bond to be set. You've just got to be sure it's timely. And I'll make it 1,500, so when you file
your notice of appeal, you can have an agreed order setting bond." The record also shows the trial
court stated Reagan was to pay the $1,500.00 "immediately and renew it on the first of each month." 
The court-required payment of $1,500.00 per month appears to be a rent payment in lieu of a
supersedeas bond similar to that contemplated for paupers who appeal a forcible-detainer judgment. 
See Tex. R. Civ. P. 749b. Its nature is not in issue here, just its timing.

 The county court made no entry on its docket sheet regarding any amount to be paid. 
Apparently, Reagan appeared at the county clerk's office May 19, 2008, to pay the ordered sum. 
"He was turned away after efforts over a few hours to find a record of the Court's ruling on the bond
amount, or to locate the judge sitting that day" failed. Reagan filed the notice of appeal June 6, 2008. 
On  June  27,  2008,  Reagan  filed  an  emergency  motion  to  dissolve  the  writ  of  possession
issued June 9, and to determine the amount of supersedeas, while explaining the difficulty
encountered  in  his  attempt  to  pay  the  ordered  amount.  The  county  court  considered  the
motion June 30, 2008, in a telephonic hearing. On the same day, the county court ordered the writ
of possession stayed provided that Reagan pay $1,500.00 per month, to be paid "on the 1st of each
month so long as [the] appeal of this case is pending." On July 1, 2008, $3,000.00 was paid to the
county clerk.

 NPOT incorrectly argues that failure to file supersedeas with this Court divests it of
jurisdiction and that we should dismiss this appeal as moot. At one time, this was the precedent set
by several Texas appellate courts. It is no longer the law. Supersedeas is intended only to indemnify
a  landlord  or  other  owner  from  losses  caused  by  delay  of  appeal.  Baxter  v.  Gates  of
Normandie, No. 05-03-00245-CV, 2004 WL 303594, at *1 (Tex. App.--Dallas Feb. 18, 2004, no
pet.) (mem. op.); Muniz v. Vasquez, 797 S.W.2d 147, 150 (Tex. App.--Houston [14th Dist.] 1990,
no writ). The statute does not mention that failure to pay or post supersedeas eliminates right to
appeal. Recognizing this principle, the Texas Supreme Court has made clear that supersedeas in a
forcible-detainer case is not required to perfect an appeal to this Court. Marshall v. Hous. Auth. of
City of San Antonio, 198 S.W.3d 782, 786-87 (Tex. 2006). To the extent courts of appeals
previously dismissed cases on the ground that the appeal was not perfected or was moot due to the
lack of filing supersedeas, those have been expressly disapproved. Id. at 786. 

 Next, we address whether the county court erred in allowing the supersedeas beyond the
statutory time limit. The proper method to seek review of a trial court's determination whether to
permit suspension of enforcement by allowing supersedeas is to file a motion in the court of appeals
under Rule 24.4(a) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 24.4(a). 
Nevertheless, because we liberally construe briefing rules, we will consider NPOT's brief as a motion
under Rule 24. See Tex. R. App. P. 38.9; Whitmire v. Greenridge Place Apartments, No. 01-06-00963-CV, 2007 WL 2894167, at *6 (Tex. App.--Houston [1st Dist.] Oct. 4, 2007, pet. dism'd)
(mem. op.).

 In order to preserve this cross-point for our consideration on appeal, the county court record
must show that NPOT timely raised it with the county judge. See Tex. R. App. P. 33.1. This
requirement promotes fairness among litigants and conserves judicial resources by giving trial courts
the opportunity to correct an error before an appeal proceeds. In re B.L.D., 113 S.W.3d 340, 350
(Tex. 2003). A party "should not be permitted to waive, consent to, or neglect to complain about an
error at trial and then surprise [the opponent] on appeal by stating [the] complaint for the first time." 
Id. (citing Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam)). We have decided
NPOT's cross-point does not involve jurisdictional issues. Therefore, because there is nothing in the
record to suggest NPOT raised its cross-point with the county court, we conclude the issue was
waived. We overrule NPOT's cross-point. (4)

 We affirm the judgment of the county court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 21, 2009

Date Decided: March 25, 2009
1. Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by
the  Texas  Supreme  Court  pursuant  to  its  docket  equalization  efforts.  See  Tex.  Gov't  Code
Ann. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Fifth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.
2. We assume that references to the "Original Petition" refer to the "Amended Sworn
Complaint for Eviction" since the plea was filed on the day of trial. 
3. Nothing in the record before us indicates Reagan urged or was otherwise heard on the plea
in abatement at the justice court level. In any event, even had the county court erred on this issue,
we note Reagan failed to brief or otherwise demonstrate harm. As explained in the section below,
right to immediate possession was demonstrated through documentation and trial testimony. 
4. Even had it not been waived, this issue fails. Unless evidence to the contrary is shown,
authority to allow supersedeas is presumed. See Pruett v. Hamilton, 259 S.W.2d 916, 917 (Tex.
App.--Austin 1953, no writ). A document is filed when it is properly tendered to the clerk, not on
the date the document is file stamped. Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993). Here,
the record suggests that Reagan appeared and tendered the sum required for the supersedeas in a
timely manner. Due to error in the county court's records, the clerk did not permit the payment. The
fact that the clerk did not approve the payment did not affect its validity. Haun v. Steigleder, 868
S.W.2d 387, 391 (Tex. App.--San Antonio 1993, no writ). "More specifically, because of the
voluntary execution by appellant of the bond," execution of the judgment was stayed "just as
completely and effectively as if said bond had been approved and marked filed by the [] Clerk." See
id.; see also Hearn v. Cox & Perkins Exploration, Inc., No.14-98-01275-CV, 2000 WL 977372, at
*5 (Tex. App.--Houston [14th Dist.] May 18, 2000, pet. denied) (not designated for publication).