

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00071-CV
_____

DARREN REAGAN AND ALL OCCUPANTS, Appellants

V.

NPOT PARTNERS I, L.P., Appellee

On Appeal from the Dallas County Court at Law No. 3
Dallas County, Texas
Trial Court No. CC-08-03282-C

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Dallas County[1] real property previously owned by Darren Reagan was sold at foreclosure. After he failed to vacate the premises, the subsequent purchaser, NPOT Partners I, L.P. (NPOT), succeeded in a forcible detainer action in justice court and then on appeal to the county court. On appeal to this Court, Reagan contends the county court erred in hearing the case because the allegedly unsworn complaint was not sufficient to confer jurisdiction on the justice and county courts and was not a valid pleading on which judgment could be granted. Reagan also complains that, due to the pendency of wrongful foreclosure proceedings, there was a question of title which deprived the county court of jurisdiction to award possession of the property. NPOT counters these contentions and asserts a cross-point of error alleging the county court improperly granted supersedeas, thereby preventing NPOT from obtaining lawful possession. We affirm the county court's judgment.

Reagan had executed a deed of trust in favor of Tolleson Private Bank (Tolleson), creating a lien on real property as security for a $254,250.00 loan. After Reagan defaulted on the loan, the property was foreclosed, being sold to Tolleson for the winning bid of $150,000.00. Tolleson later conveyed the property to NPOT. After Reagan failed to comply with NPOT's thirty-day notice to vacate the premises, NPOT filed a complaint for eviction in justice court.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

On the same day as the matter of possession was tried in justice court, Reagan filed a plea in abatement asking that the justice of the peace dismiss the matter because the complaint, which had been amended, was not properly sworn to, and because a dispute regarding title was currently being litigated. The justice awarded possession to NPOT and Reagan appealed the decision for trial de novo in the county court. That proceeding produced the same result. Supersedeas was ordered, and this appeal ensued.

Our affirmance of the county court's judgment is based on the following rulings:

1.  Jurisdiction for this forcible detainer action exists because

    a.  the complaint's defective verification does not defeat jurisdiction, and

    b.  the other pending lawsuit challenging the foreclosure does not defeat jurisdiction.

2.  Reagan's plea in abatement was waived.

3.  Any error regarding supersedeas was waived.

*1.  Jurisdiction for This Forcible Detainer Action Exists*

*a.  The Complaint's Defective Verification Does Not Defeat Jurisdiction*

Reagan contends the affidavit attached to the amended sworn complaint for eviction is deficient because it does not meet the personal knowledge requirement of Rule 739 of the Texas Rules of Civil Procedure. A forcible detainer action is initiated by filing a "written sworn complaint" with a justice of the peace. TEX. R. CIV. P. 739. "A sworn pleading is one verified by affidavit

3

under the sanction of an oath." 58 TEX. JUR. 3d *Pleadings* § 65 (2006). To be valid, a "verification must be based on personal knowledge." *Id.*; *Kerlin v. Arias*, No. 06-0097, 2008 WL 4891729, at *2 (Tex. Nov. 14, 2008). For this reason, any qualifying statement about the affiant's personal knowledge, such as the statement that the affidavit is "based on the best of one's personal knowledge," renders the affidavit legally invalid. *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Legrand v. Fiesta Mart, Inc.*, No. 04-95-00138-CV, 1995 WL 714170, at * 3 (Tex. App.—San Antonio Dec. 4, 1995, no pet.) (not designated for publication) (citing *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975)).

Here, NPOT filed an amended complaint verified by its agent, Frederick J. Willis. In his affidavit, Willis swears that he is authorized to make the affidavit on NPOT's behalf, and avers, "I have read the foregoing *Amended Sworn Complaint for Eviction*, and to the best of my personal knowledge, the facts stated therein are true and correct." The qualification on Willis' personal knowledge renders the affidavit insufficient, requiring us to determine that the complaint is effectively unsworn. The question then becomes whether this deficiency divested the justice court of jurisdiction to hear the forcible-detainer action.

We review under a de novo standard any issues involving subject-matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

There is no clear authority directly on point. One forcible-detainer case, decided almost eighty years ago, begins our inquiry. *See Holloway v. Paul O. Simms Co.*, 32 S.W.2d 672, 673 (Tex.

4

Civ. App.—Austin 1930, no writ). In *Holloway*, as in this case, an affidavit attached to a forcible-detainer complaint was challenged as void. The appellant alleged that deficiencies in the affidavit would "not sustain the suit in forcible detainer, nor the issuance of citation thereon." *Id.* The court of appeals affirmed the trial court's decision and noted that the objection to the affidavit was waived since, in contrast to the case at hand, it was raised for the first time on appeal. *Id.* at 624. Although this suggests that a deficiency in an affidavit attached to a forcible-detainer proceeding is not jurisdictional, this was not the precise holding in *Holloway.*

We find no other guidance from Texas forcible-detainer cases. We look to Texas caselaw related to garnishment proceedings to provide guidance, since Rule 658 of the Texas Rules of Civil Procedure requires that an application for garnishment be sworn. Tex. R. App. P. 658. One appeal was taken after a default judgment on the ground that the affidavit accompanying the application for garnishment was defective. *See Sherry Lane Nat'l Bank v. Bank of Evergreen*, 715 S.W.2d 148, 149 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Although the appellate court found the application defective because it failed to demonstrate the facts contained within were sworn to before an officer authorized to administer oaths, the court affirmed the default judgment because no objection was filed below. *Id.* at 150, 152. In so holding, the court specifically found that the defect in the affidavit was not jurisdictional. *Id.* at 151 (citing *Gottesman v. Toubin*, 353 S.W.2d 294, 299 (Tex. Civ. App.—Houston 1962, no writ)).

5

In reviewing *Holloway* and *Sherry Lane*, we conclude that the defective verification in this case did not deprive the county court of jurisdiction over the subject matter of the dispute. *See also Family Inv. Co. of Houston v. J.A. Paley*, 356 S.W.2d 353, 355 (Tex. Civ. App.—Houston 1962, writ dism'd) (description of property in complaint insufficient to meet statutory requirements but did not divest lower courts of jurisdiction); *Powell v. Mel Powers Inv. Builder*, 590 S.W.2d 837, 838 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) ("neither the deficiency in the prayer of appellee's petition, nor its alleged failure to demand return of possession of the premises, deprives the trial court of subject matter jurisdiction in a forcible detainer case"). This comports with the general rule that "omission of or formal defect in the verification of a plea or pleading may be deemed waived unless the fault is challenged." *Galaznik v. Galaznik*, 685 S.W.2d 379, 382 (Tex. App.—San Antonio 1984, no writ); *see also Humiston v. Office of Attorney Gen.*, No. 05-94-01818-CV, 1995 WL 479617, at *3 (Tex. App.—Dallas Aug. 9, 1995, no writ) (not designated for publication); *Hays v. Old*, 385 S.W.2d 464, 465 (Tex. Civ. App.—Texarkana 1964, writ ref'd n.r.e.).

We conclude that the defective verification did not defeat jurisdiction.

b. *The Pending Other Lawsuit Challenging the Foreclosure Does Not Defeat Jurisdiction*

Reagan also asserts a lack of jurisdiction because of a pending action to decide title. We examine this issue, too, under a de novo standard of review. *Mayhew*, 964 S.W.2d at 928.

While jurisdiction to hear forcible-detainer actions is vested in the justice courts, and on appeal, to county courts for trial de novo, neither court has jurisdiction to adjudicate title to land.

6

TEX. GOV'T CODE ANN. § 27.031 (Vernon Supp. 2008); TEX. PROP. CODE ANN. § 24.002 (Vernon 2000); TEX. R. CIV. P. 749; *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). Thus, where the right of immediate possession necessarily requires the resolution of a title dispute, justice courts (and county courts on appeal) are without jurisdiction to award possession. *Rice*, 51 S.W.3d at 709. Reagan argues the county court did not have jurisdiction because other filed lawsuits alleging wrongful foreclosure clouded title.

A forcible-detainer action is meant to be a speedy, simple, and inexpensive means to merely resolve the question of the right to *immediate* possession of real property. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.); *Rice*, 51 S.W.3d at 709. The action is not exclusive of other remedies available to the parties, and a displaced party is entitled to bring separate suit in district court to determine the question of title. *Rice*, 51 S.W.3d at 709. In cases challenging the validity of a trustee's foreclosure deed, such as in this case, the Legislature contemplated concurrent actions in the district and justice courts. *Id.* at 710. Thus, contentions of wrongful foreclosure typically do not bear on the judgment in forcible-detainer cases. *Id.* at 710; *Dormady*, 61 S.W.3d at 558.

We find no reason that the simple pendency of a separate proceeding claiming wrongful foreclosure should defeat justice court or county court jurisdiction over a forcible-detainer case.

But, Reagan also attacks jurisdiction alleging that the issue of title is so intertwined with the issue of possession that possession and title could not be decided separately. Reagan relies on the

7

case of *A Plus Investments, Inc. v. Rushton*, No. 2-03-174-CV, 2004 WL 868866, at \*2 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.). In contrast to this case, the court in *A Plus Investments* based its decision that the trial courts were without jurisdiction on the fact that A Plus Investments failed to provide documents sufficient to make a prima facie showing indicating a right of ownership, which was necessary to allow the lower courts to award possession. A Plus Investments produced a home equity security instrument entered into with Associates naming Associates the beneficiary and lender, and a deed naming CitiFinancial as the foreclosure purchaser. Because there was no evidence in the record to support a link between Associates and CitiFinancial, the court concluded "the conflict regarding title [was] apparent" from the documents themselves. *Id.* at \*2.

Here, no such conflict regarding the apparent chain of title appears in the record, such that resolution of title was required before the award of immediate possession. Pursuant to Section 24.002 of the Texas Property Code, to prevail in the justice and county courts, NPOT was required to demonstrate only that (1) it owned the property by virtue of the deed executed by Tolleson (the missing link in the *A Plus Investments* case), (2) Reagan became a tenant at sufferance when the property was sold under the deed of trust executed by Reagan, (3) NPOT gave proper notice to Reagan requiring him to vacate the premises, and (4) Reagan refused to vacate the premises. *See* TEX. PROP. CODE ANN. § 24.002; *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69

8

(Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.).

Here, there was proof of the substitute trustee's deed from the foreclosure, conveying the property to Tolleson, and the deed executed by Tolleson conveying the property to NPOT, adequately establishing the threshhold foundation on which to base the determination of NPOT's entitlement to possession of the property. *See Freeney*, 266 S.W.3d at 625. The deed of trust executed by Reagan contained the following language making him a tenant at sufferance in the event of foreclosure:

> **Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property, and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, (2) vacate the Property immediately upon the demand of Lender, or (3) if such tenants refuse to surrender possession of the Property upon demand, the purchaser shall be entitled to institute and maintain the statutory action of forcible entry and detainer and produce a writ of possession thereunder, and Grantor expressly waives all damages sustained by reason thereof.

This landlord-tenant relationship provided the basis for determining the right to immediate possession. *See id.* at 625–26. After foreclosure, a thirty-day notice to vacate was sent by certified mail January 16, 2008, to Reagan at the address of the property pursuant to Section 24.005 of the Texas Property Code. The notice clearly stated the property was to be vacated by February 16, 2008. The complaint for eviction alleged Reagan failed to vacate the premises, and that issue was not contested at any point in the record provided to us. This documentation was sufficient to vest the

9

justice and county courts with jurisdiction to award NPOT the right to immediate possession, despite Reagan's wrongful foreclosure claims. *See Gore v. Homecomings Fin. Network, Inc.*, No. 05-06-01701-CV, 2008 WL 256830, at *1 (Tex. App.—Dallas Jan. 31, 2008, no pet.) (mem. op.).

*2.     Reagan's Plea in Abatement Was Waived*

Reagan also contends the trial court erred in overruling the plea in abatement and proceeding to trial since the unverified complaint rendered the pleading invalid. We review the county court's decision on the plea in abatement under an abuse of discretion standard. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Brown v. Bowers*, No. 05-07-00136-CV, 2008 WL 2152889, at *2 (Tex. App.—Dallas May 22, 2008, no pet.) (mem. op.). A court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Brown*, 2008 WL 2152889, at *2 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). Under an abuse of discretion review, we are not free to substitute our own judgment for the county court's judgment. *Id.* (citing *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002)). An error in analyzing or applying the law is an abuse of discretion. *Id.*

A plea in abatement challenges a plaintiff's pleading by asserting facts outside of the record that prevent the suit from going forward until the problem can be cured. *Id.* In a plea in abatement, the defendant must identify any impediment to the continuation of the suit, identify an effective cure, and ask the court to abate the suit until the defect is corrected. *Id.* It cannot be used to determine the merits of an action. *Id.* (citing *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 898 (Tex.

10

App.—Dallas 2003, no pet.). Reagan's plea in abatement states that "The Verification of Frederick J. Willis attached to the Original Petition for Forcible Detainer should (a) be deemed not to be a part of any Original Petition for Forcible Detainer, and (b) be disregarded."[2] Nowhere in the plea is any allegation made or explanation offered of how lack of verification is an impediment to the county court's determination of immediate possession. There is also no offer of cure. Even assuming, arguendo, that this is a proper plea, it was waived when Reagan proceeded to, and participated in, the trial of this cause before urging the motion with the county court.

Generally, unless related to a court's jurisdiction to hear a dispute, a failure to file and urge a plea in abatement at the proper stage will deprive a party of the right to be heard on the matter. *Estate of Maxey*, 559 S.W.2d 458, 461 (Tex. Civ. App.—Texarkana 1977, writ ref'd n.r.e.). Nonjurisdictional pleas "must be urged before trial on the merits begins; otherwise it is waived." TEX. R. CIV. P. 175; *Tex.-On Motor Ctr. v. Transouth Fin. Corp.*, No. 14-04-00366-CV, 2006 WL 664161, at *3 (Tex. App.—Houston [14th Dist.] Mar. 16, 2006, no pet.) (mem. op.); *Garcia v. Tex. Employers' Ins. Ass'n*, 622 S.W.2d 626, 630 (Tex. App.—Amarillo 1981, writ ref'd n.r.e.); *Cont'l Contractors, Inc. v. Thorup*, 578 S.W.2d 864, 865 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ); *Parkview Gen. Hosp., Inc. v. Waco Constr., Inc.*, 531 S.W.2d 224, 226 (Tex. Civ. App.—Corpus Christi 1975, no writ).

---

[2]We assume that references to the "Original Petition" refer to the "Amended Sworn Complaint for Eviction" since the plea was filed on the day of trial.

We have already determined that the failure to verify the complaint was nonjurisdictional. The record filed with this Court demonstrates that NPOT had called its only witness, who was subject to cross-examination by Reagan, and that NPOT rested its case-in-chief before Reagan urged the plea in abatement with the county court. While discussing and arguing the plea at such a late stage, no complaint was made alleging the court should not proceed to render judgment based on the merits due to the defective affidavit. Therefore, we find that Reagan waived the plea in abatement, and his point of error on this matter is overruled.[3] *See generally Maxus Tower Ltd. P'ship v. Travel Int'l of Dallas*, No. 05-92-00519-CV, 1992 WL 368036 (Tex. App.—Dallas Dec. 14, 1992, no writ) (not designated for publication).

3.      *Any Error Regarding Supersedeas Was Waived*

A judgment of a county court may not be stayed pending appeal under any circumstance unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. TEX. PROP. CODE ANN. § 27.001 (Vernon Supp. 2008). The county court's judgment was signed May 8, 2008. On the same day, Reagan asked the court to set a supersedeas bond. The county court stated, "I think you've got to file a notice of appeal and then ask for the bond to be set. You've just got to be sure it's timely. And I'll make it 1,500, so when you file your notice of appeal, you can have an agreed order setting bond." The record also shows the trial

---

[3]Nothing in the record before us indicates Reagan urged or was otherwise heard on the plea in abatement at the justice court level. In any event, even had the county court erred on this issue, we note Reagan failed to brief or otherwise demonstrate harm. As explained in the section below, right to immediate possession was demonstrated through documentation and trial testimony.

court stated Reagan was to pay the $1,500.00 "immediately and renew it on the first of each month." The court-required payment of $1,500.00 per month appears to be a rent payment in lieu of a supersedeas bond similar to that contemplated for paupers who appeal a forcible-detainer judgment. *See* TEX. R. CIV. P. 749b. Its nature is not in issue here, just its timing.

The county court made no entry on its docket sheet regarding any amount to be paid. Apparently, Reagan appeared at the county clerk's office May 19, 2008, to pay the ordered sum. "He was turned away after efforts over a few hours to find a record of the Court's ruling on the bond amount, or to locate the judge sitting that day" failed. Reagan filed the notice of appeal June 6, 2008. On June 27, 2008, Reagan filed an emergency motion to dissolve the writ of possession issued June 9, and to determine the amount of supersedeas, while explaining the difficulty encountered in his attempt to pay the ordered amount. The county court considered the motion June 30, 2008, in a telephonic hearing. On the same day, the county court ordered the writ of possession stayed provided that Reagan pay $1,500.00 per month, to be paid "on the 1st of each month so long as [the] appeal of this case is pending." On July 1, 2008, $3,000.00 was paid to the county clerk.

NPOT incorrectly argues that failure to file supersedeas with this Court divests it of jurisdiction and that we should dismiss this appeal as moot. At one time, this was the precedent set by several Texas appellate courts. It is no longer the law. Supersedeas is intended only to indemnify a landlord or other owner from losses caused by delay of appeal. *Baxter v. Gates of*

*Normandie*, No. 05-03-00245-CV, 2004 WL 303594, at *1 (Tex. App.—Dallas Feb. 18, 2004, no pet.) (mem. op.); *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ). The statute does not mention that failure to pay or post supersedeas eliminates right to appeal. Recognizing this principle, the Texas Supreme Court has made clear that supersedeas in a forcible-detainer case is not required to perfect an appeal to this Court. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006). To the extent courts of appeals previously dismissed cases on the ground that the appeal was not perfected or was moot due to the lack of filing supersedeas, those have been expressly disapproved. *Id.* at 786.

Next, we address whether the county court erred in allowing the supersedeas beyond the statutory time limit. The proper method to seek review of a trial court's determination whether to permit suspension of enforcement by allowing supersedeas is to file a motion in the court of appeals under Rule 24.4(a) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 24.4(a). Nevertheless, because we liberally construe briefing rules, we will consider NPOT's brief as a motion under Rule 24. *See* TEX. R. APP. P. 38.9; *Whitmire v. Greenridge Place Apartments*, No. 01-06-00963-CV, 2007 WL 2894167, at *6 (Tex. App.—Houston [1st Dist.] Oct. 4, 2007, pet. dism'd) (mem. op.).

In order to preserve this cross-point for our consideration on appeal, the county court record must show that NPOT timely raised it with the county judge. *See* TEX. R. APP. P. 33.1. This requirement promotes fairness among litigants and conserves judicial resources by giving trial courts

the opportunity to correct an error before an appeal proceeds. *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). A party "should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise [the opponent] on appeal by stating [the] complaint for the first time." *Id.* (citing *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam)). We have decided NPOT's cross-point does not involve jurisdictional issues. Therefore, because there is nothing in the record to suggest NPOT raised its cross-point with the county court, we conclude the issue was waived. We overrule NPOT's cross-point.[4]

We affirm the judgment of the county court.

Josh R. Morriss, III
Chief Justice

Date Submitted: January 21, 2009
Date Decided: March 25, 2009

---

[4]Even had it not been waived, this issue fails. Unless evidence to the contrary is shown, authority to allow supersedeas is presumed. *See Pruett v. Hamilton*, 259 S.W.2d 916, 917 (Tex. App.—Austin 1953, no writ). A document is filed when it is properly tendered to the clerk, not on the date the document is file stamped. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993). Here, the record suggests that Reagan appeared and tendered the sum required for the supersedeas in a timely manner. Due to error in the county court's records, the clerk did not permit the payment. The fact that the clerk did not approve the payment did not affect its validity. *Haun v. Steigleder*, 868 S.W.2d 387, 391 (Tex. App.—San Antonio 1993, no writ). "More specifically, because of the voluntary execution by appellant of the bond," execution of the judgment was stayed "just as completely and effectively as if said bond had been approved and marked filed by the [] Clerk." *See id.*; *see also Hearn v. Cox & Perkins Exploration, Inc.*, No.14-98-01275-CV, 2000 WL 977372, at *5 (Tex. App.—Houston [14th Dist.] May 18, 2000, pet. denied) (not designated for publication).